UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. BURT,

                        Petitioner,

v.                                                    9:04-CV-0977
                                                    (GHL)

MICHAEL RABIDEAU, Superintendent,

                        Respondent.
_____

APPEARANCES:                                              OF COUNSEL:

ROBERT L. BURT
Petitioner Pro Se

HON. ANDREW M. CUOMO                         ASHLYN H. DANNELLY, ESQ.
Attorney General of the State of New York        Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM DECISION AND ORDER[1]

### PRELIMINARY STATEMENT

     Robert Burt ("Petitioner") commenced this *habeas corpus* proceeding on July 25, 2004. Dkt. No. 1. The underlying conviction, based upon a guilty plea, was for attempted burglary in the second degree, in violation of section 140.25(2) of the New York Penal Law. The judgment of conviction was entered on September 25, 2002, in New York State Supreme Court, Albany

---

     [1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, and the case was referred to the undersigned on June 25, 2007, by District Judge Lawrence E. Kahn. Dkt. No. 13.

County. On that date Petitioner was sentenced, pursuant to a plea agreement, as a second felony offender, to a determinate term of six years' imprisonment. Transcript of Proceedings, September 25, 2002. He waived his appeal rights, did not file a direct appeal from the conviction, and did not seek any other post-conviction relief. As of August 28, 2006, he had been released from custody. Dkt. No. 10.

## THE PETITION IS UNTIMELY

As noted above, Petitioner was sentenced on September 25, 2002. Pursuant to section 460.10(1) of New York Criminal Procedure Law, he had thirty days from that date, or until October 25, 2002, to file a notice of appeal, but he did not do so (having waived his appeal rights). Therefore his conviction became final on October 25, 2002, and under the Antiterrorism and Effective Death Penalty Act ("AEDPA") he had one year from that date, or until October 25, 2003, to file his federal *habeas corpus* petition. However, he did not do so until nine months later, on July 25, 2004.

Of course the AEDPA limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d) (2007). However, as noted above, Petitioner did not file a direct appeal from his conviction nor did he seek any other post-conviction relief.

Petitioner had, nevertheless, filed a state petition for a writ of *habeas corpus* in Albany County Court on April 15, 2002, prior to his conviction on September 25, 2002. Dkt. No. 9 ¶ 3(h). On May 3, 2002, County Court denied the petition. Dkt. No. 9 ¶ 3(i). Petitioner appealed from this denial, and the denial was affirmed by the Appellate Division, Third Department, on

Case 9:04-cv-00977-GHL   Document 14   Filed 07/19/07   Page 3 of 4

December 18, 2003.  Dkt. No. 9 ¶ 3(k).  The New York Court of Appeals denied Petitioner leave to appeal on June 8, 2004.  Dkt. No. 9 ¶ 3(l).

The primary issue before this Court is whether the AEDPA limitations period was tolled while Petitioner's state *habeas* petition was pending.  *Duncan v. Walker*, 533 U.S. 167 (2001), instructs that the answer is "no."

In *Duncan*, the Supreme Court addressed the language "application for State post-conviction or other collateral review" in section 2244(d).  The Court made it clear that the language applied to remedies sought "after a conviction."  *Id.* at 177.  Here the state petition for a writ of *habeas corpus* which was filed more than five months prior to Petitioner's conviction, sought, obviously, pre-conviction relief.  The state petition therefore does not fall within the meaning of section 2244(d), and as a result the one year AEDPA limitations period was not tolled.

Thus the petition filed in this Court is untimely unless the doctrine of equitable tolling applies.  The Second Circuit has held that "in rare and exceptional circumstances a petitioner may invoke the courts' power to equitably toll the limitations period."  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quotation marks omitted).  "To qualify for such treatment, the petitioner must establish that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll."  *Id.* (quotation marks omitted).  Assuming *arguendo* that Petitioner mistakenly believed that the pendency of his state *habeas* petition tolled the AEDPA limitations period, this falls far short of the "rare and exceptional circumstances" that would justify equitable tolling.

**ACCORDINGLY**, it is hereby

3

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**.

Dated: July 19, 2007
       Syracuse, New York

                                              George H. Lowe
                                              United States Magistrate Judge